IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY C. ROMERO,

    Plaintiff,

v.                                            No. CV 14-0125 LH/SMV

RAMON C. RUSTIN,
TOM ZDUNEK,
THOMAS E. SWISSTACK,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed the complaint; he appears pro se and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants unlawfully transferred Plaintiff from the Bernalillo County Metropolitan Detention Center to a facility in Texas as part of an attempt to reduce overcrowding.  Plaintiff contends that his transfer occurred while he was awaiting trial, and that the contract between New Mexico and Texas does not expressly authorize pre-trial transfers.  As a result, his transfer violated certain unspecified constitutional protections.  In a separate page attached to the complaint, he complains that the bus was unventilated and he was restrained and denied restroom breaks during transport.  Plaintiff contends that Defendants' actions violated his constitutional protections, and he seeks damages.

No relief can be granted on Plaintiff's claims.  As a starting point in reviewing this complaint, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."  *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992).  Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged.  *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990).  The complaint acknowledges that the basis of the decision to transfer Plaintiff was only to relieve overcrowding at the detention center, and no discrimination or retaliation is alleged.  Furthermore, the allegation that the transfer violated New Mexico's contractual arrangement with Texas fails to allege a violation of federal law under § 1983.  *Cf. Romero v. Fay*, 45 F.3d 1472, 1481 (10th Cir. 1995).

Furthermore, as unpleasant as the transport may have been, Plaintiff's allegations do not support a claim of unconstitutional conditions during the trip.  "Pretrial detainees are entitled to the same protection regarding prison conditions under the Due Process Clause as convicted prisoners are afforded under the Eighth Amendment."  *Green v. Corrections Corp. of America*,

401 F. App'x 371, 375 n. 5 (10th Cir. Nov. 8, 2010).  Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff's complaint does not allege that Defendants disregarded a known excessive risk to his health and safety.   Plaintiff's complaint arising from his transfer will be dismissed.

   IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE